# SET-OFF.

## No. 1.

**HAYNES** *against* **WHITE.** *Addison, 1820.*

IN an action on a negotiable note, endorsee against maker, endorsed and sued before the Statute of 1818, concerning pleading in off-set, the defendant cannot plead in off-set damages for breach of a covenant of warranty in a deed executed by the original payee.*

THIS was an action on a promissory note, given by defendant to one Philip Haynes, and by him endorsed to the plaintiff. The defendant originally pleaded a set-off of a demand against the said Philip for a breach of the covenant against incumbrances, in a deed of conveyance; to this plea the plaintiff demurred.

At the January term of the Court, 1818, judgment was rendered for the plaintiff, on the demurrer, on the ground that the defendant's claim was not the proper subject of a set-off, and the cause continued July term, 1818, for trial upon the general issue.

A verdict was returned for plaintiff, and the cause reviewed.

In November, 1818, the Legislature of this State passed an Act extending the right of set-off to all cases of contract. The defendant then pleaded *de novo,* a set-off of the same claim,

---

* The Act is, "That the 92d section of the Act to which this is an addition, shall be construed to extend to all actions and pleas founded on contract, whether the demand be for a sum liquidated or subject to estimation; and in nowise be construed to extend to actions or pleas founded on tort."

and added another count on a similar covenant executed by the said Philip.

The plaintiff demurred as before, and defendant joined in demurrer.

In support of the demurrer, *Phelps*, for plaintiff, insisted : That the demand of the defendant against Philip Haynes, is not properly pleaded in off-set ; it was not at the time of the commencement of plaintiff's action, and of course was not at the time of the endorsement, a proper subject of set-off to the note.

1. Uncertain damages arising from a breach of covenant, are not pleadable in off-set, under the English Statute, which is similar to ours. Hawlet v. Strickland, Cowp. 506. Wingatt v. Wales, 6 T. R. 488. 2 Burr 1024.

It has been so decided in the United States' Courts. Winchester v. Hackley, 2 Cranch 344.

And in New-York. 2 Johnson 150.

And in this State. Rollins v. Walker, Chittendcn Co. 1815 ; and in this case, January term, 1818.

2. It is insisted that the Act passed Nov. 11, 1818, does not affect the plaintiff's right of action, it having accrued before the law was enacted ; for,

1. It is a general rule that all Statute laws act prospectively, and not retro-actively to divest a vested right. 1 Bla. Com. 45. 4 Burr 2462.

2. To give an Act that operation would render it as unjust as an expost facto law. Fletcher v. Peck, 6 Cranch 87.

3. It would render it a law impairing the obligation of contracts, invalidating a contract which was valid when made.

4. It is not a declaratory law, for a declaratory Statute is one which declares what the *common law* is, not one which regulates the construction of a former Statute. 1 Black. Com. 86.

5. The Legislature has not the power of construing laws. Bac. Abr. Tit. Statute H. Ogden v. Blackledge, 2 Cranch 272. Constitution of Vermont, section 6.

And it is an establishad rule that a Statute shall not be made, by construction, to operate retro-actively so as to affect a vested right.

*Finally.* A plea in off-set relates to the commencement of the action ; if, therefore, the defendant's demand was not, at that time, proper to be pleaded in off-set, it is not now. Evans v. Prosper, 3 Term Rep. 186.

*Contra.* *Chipman* and *Seymour*, for defendants insisted : That by the 92d section of the Judiciary Act, passed March, 1797, he had a right to plead this matter in off-set ; that this Statute is materially different from the English Statute of off-set; that the construction given to the English Statute of off-sett is not applicable to this Statute, and that such had been the decisions of the Supreme Court upon this Statute, for a course of years up to 1817, when a different construction was given to this Statute by the Supreme Court ; that the Legislature, by an Act passed Nov. 11, 1818, have settled the construction of this Act, and determined that the construction given it for a course of years, by the Supreme Court, was the correct construction ; and, that the matter contained in the defendant's plea, is proper matter to be pleaded in off-set, under the 92d section of the Judiciary Act. See Laws passsed October session, 1818, page 75.

This Act only affects the *remedy* and mode of adjusting the mutual claims, but does not affect the *right.*

All Statutes of set-off relate to prior contracts as well as those subsequent. The Statue making notes negotiable, affected notes executed prior, as well as those after the passing the Act ; also, the Statute allowing certain notes to be plead in off-set, *only* after notice.

Opinion of the Court :

1. The Court will not depart from the decision of this question, made in 1818, supported by the previous decision, in the case of Rollins v. Walker.

2. The Court consider the case is different from a suit in favor of payee against the maker of the note ; in such case the Statute of 1818, would not affect the *right* of the parties, but

only the *remedy*, and mode of adjusting the mutual claims. But, in the present case, before the passing of that Act, the plaintiff had acquired a vested right in the note; a contract existed that defendant should pay to the plaintiff the amount of the note, free from any claim against the original payee, of the nature set forth in the plea in off-set. The Statute cannot be construed to divest this right or affect this contract.

*Judgment*—That plea in off-set is insufficient.